UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

NANCY M. WAGNER

        Plaintiff,

-vs-                                Case No: 16-CV-300

RIVERFRONT ACTIVITY CENTER, INC.

        Defendant.

---

## COMPLAINT

---

This is a civil action against Riverfront Activity Center, Inc., alleging deprivation of plaintiff Nancy M. Wagner's rights under the Americans with Disabilities Act, 42 U.S.C. § 12203, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADAAA"), § 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794, and the Federal Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq. ("ADEA"). Plaintiff Wagner alleges that defendant Riverfront Activity Center, Inc. ("Riverfront") unlawfully discriminated against her in violation of these statutes by not selecting her for a position for which she was the most qualified candidate and by terminating her employment because of her age and her disability. Plaintiff Wagner seeks damages in compensation for the injuries caused by the defendant's conduct and liquidated and punitive damages for defendant's willful, intentional, malicious or wanton violation of her rights.

## I. JURISDICTION AND VENUE

1.  This court has subject matter jurisdiction over plaintiff's federal claims under 28 U.S.C. § § 1331 and 1343(a)(3)-(4).

2.  Plaintiff has complied with all administrative prerequisites for the initiation of a civil court proceeding under the ADEA and ADAAA, up to and including obtaining a right to sue notice from the Equal Employment Opportunity Commission and commencement of this action within 90 days of plaintiff's receipt of such notice.

3.  The Western District of Wisconsin is the proper venue for this action pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

## II. PARTIES

4.  Plaintiff Nancy M. Wagner is an adult resident of the State of Minnesota currently residing at 23133 Highway 14, Lewiston, Minnesota 55952. Ms. Wagner was born on August 3, 1958.  She wears a prosthesis on her left leg, the result of an above the knee amputation, which causes her to walk with a significant limp.

5.  Defendant Riverfront Activity Center, Inc. ("Riverfront" and/or "defendant") is a corporation doing business in Wisconsin whose primary business address is 3000 South Avenue, La Crosse, Wisconsin 54601. The Registered Agent for defendant is Mary Kessens, 3000 South Avenue, La Crosse, WI 54601. Defendant is an employer within the meaning of the ADAAA and

ADEA, and is a recipient of federal financial assistance within the meaning of the Rehabilitation Act.

### III.  FACTUAL ALLEGATIONS

6.  Plaintiff was hired by defendant in December 2003 as a Regional Services Director, a position that called for her to provide leadership and supervision to staff while ensuring the delivery of quality services to persons with disabilities through leadership, program expansion, fiscal management and supervision of services at Riverfront's Tomah, La Crosse and Black River Falls centers.  Plaintiff was responsible for all employment programs in all locations except Janesville, and was responsible for Riverfront Counseling, a mental health clinic in Winona, and for Riverfront's Benefit Counseling, which covered 37 counties in western Wisconsin.

7.  Before coming to Riverfront, Plaintiff had acquired more than 18 years of experience in operating, managing, and developing various programs for persons with disabilities.

8.  During her employment with Riverfront, Plaintiff consistently met or exceeded all expectations of her performance, as reflected by a record of verbal and written commendations and each of her formal written performance evaluations.

9.  In approximately July 2013, Riverfront hired a new President, Mary Kessens.  As President, Kessens was Plaintiff's immediate supervisor.

10.    Kessens was also the immediate supervisor of the two other Regional Service Directors, Lisa Duncanson and Andy Anselmi, of Craig Poshepny, who was then the Director of Business Services, and of Carissa Pagel Smith, who was then a grant writer and administrative assistant.

11.    November 2013, Kessens completed a review of Plaintiff's performance and assessed her overall performance as having "exceeded expectations."

12.    In approximately June 2014, Riverfront initiated what it stated was a "reorganization of labor related departments at Riverfront."

13.    Plaintiff was identified as one of the Riverfront employees to lead the reorganization project and was also listed as one of its "Key Stakeholders," whose role in the project was to manage Riverfront's relationship with the Wisconsin Department of Vocational Rehabilitation ("DVR").

14.    President Kessens was also identified as one of the Riverfront employees to lead the reorganization project and listed as one of its "Key Stakeholders," whose role in the project was to be the "Decision Maker regarding leadership staffing and adequacy of outcomes."

15.    On June 19, 2014, in an e-mail discussing the reorganization with all Riverfront staff, Kessens wrote: "Our revenue is below budget in almost every market for employment and production. Bright spots are worksites, benefits, and Vernon County community employment."

16. "Worksites, benefits, and Vernon County community employment" were areas that were managed by Plaintiff.

17. In fact, as of June 2014, the three cost centers that the Plaintiff managed – Winona Mental Health, Vernon County Community Employment, and Benefits – were the only centers with significant revenue increases. Only two other cost centers showed even moderate revenue increases, while the other cost centers showed significantly declining revenue.

18. On or about July 3, 2014, Riverfront posted a new position for hire, Employment Excellence Manager, which had listed duties and responsibilities nearly identical to those of Plaintiff's Regional Service Director position.

19. The position posting for the Employment Excellence Manager job stated the following qualifications: "The person selected for this position should have a bachelor's degree in social work, business, psychology, vocational rehabilitation. Master's degree in vocational rehabilitation preferred. Previous work experience in a non profit working with vocational rehabilitation is preferred. Previous experience in project or people management is required. Supervisory and management experience is important. The candidate should have exposure to providing services to individuals with disabilities. The person selected should have experience with program development and management."

20. On or about July 3, 2014, Plaintiff applied for the Employment Excellence Manager position.

21.   On or about July 22, 2014, Plaintiff participated in a panel interview for the Employment Excellence Manager position.  During that interview, when asked by the Plaintiff, none of the four interviewers on the panel could articulate a difference between the Employment Excellence Manager position for which Plaintiff was interviewing and the Regional Services Director position already held.

22.   On July 28, 2014, Plaintiff received a letter informing her that her position and employment with Riverfront was being eliminated effective July 30, 2014.

23.   On the same day, Plaintiff was informed that Carissa Pagel-Smith had been selected for the Employment Excellence Manager position, which had been retitled to Employment Excellence Director.

24.   At the time, Ms. Pagel-Smith was 32 years old and not disabled. Plaintiff was less than a week from her 56th birthday.

25.   Ms. Pagel-Smith was substantially less qualified than Plaintiff for the Employment Excellence Manager position in every material respect.

26.   Plaintiff had credits towards a Master's degree in vocational rehabilitation.

27.   Plaintiff had 28 years of experience working with vocational rehabilitation in a non-profit organization.  Ms. Pagel-Smith had approximately 6 years working at Riverfront as an administrative assistant and grant writer.

28.   Plaintiff had 28 years of experience in people and project management in a vocational rehabilitation setting, including the previous 10 years as a Regional Services Director at Riverfront.   Ms. Pagel-Smith, on information and belief, had no such management experience.

29.   Plaintiff had 28 years of supervisory and management experience in a vocational rehabilitation setting, including the previous 10 years as a Regional Services Director at Riverfront; she had as many as eight direct reports with over one hundred indirect reports, including, at times, Ms. Pagel-Smith who provided administrative support to the Regional Services Directors.  Ms. Pagel-Smith had no employees reporting to her in her position at Riverfront.

30.   Plaintiff had 28 years of exposure to the provision of se rvices to individuals with disabilities in a vocational rehabilitation setting, including the previous 10 years as a Regional Services Director at Riverfront.  Ms. Pagel-Smith's exposure to individuals with disabilities, on information and belief, consisted of her approximately six years at Riverfront where she served as an administrative assistant and grant-writer.

31.   Plaintiff had 28 years of experience in program development and management in a vocational rehabilitation setting, including the previous 10 years as a Regional Services Director at Riverfront. Ms. Pagel-Smith's experience, on information and belief, consisted of her approximately six years working at Riverfront as an administrative assistant and grant-writer.

32. Prior to her non-selection for the Employment Excellence Director position and her termination, Plaintiff was one of four Director-level employees of Riverfront.

33. All three of the other Directors are younger than the Plaintiff and are not disabled.

34. Plaintiff was the only Director to be terminated from Riverfront as a result of the alleged reorganization, despite the fact that the three cost centers she managed were performing significantly better than those managed by the other Directors.

35. The job functions Plaintiff had performed as Regional Service Director were not eliminated and were instead reassigned to the less qualified, substantially younger and non-disabled Pagel-Smith and to other, less qualified and substantially younger and non-disabled employees.

## IV.  FIRST CAUSE OF ACTION

### (Disability Discrimination – ADAAA & Rehabilitation Act)

36. For a first cause of action against Riverfront, Plaintiff realleges each of the preceding paragraphs 4-35 as though set forth here.

37. By engaging in the conduct described above, including without limitation not selecting Plaintiff for the Employment Excellence Director position, Riverfront violated Plaintiff's rights and discriminated against her because of her disability in violation of the ADAAA and the Rehabilitation Act.

38.    Riverfront's unlawful conduct, as alleged above, caused Plaintiff substantial damages, including but not limited to loss of employment, loss of past and future income and benefits, loss of earning capacity, emotional distress, loss of reputation, and humiliation and embarrassment. Plaintiff will continue to suffer these damages in the future.

## V.  SECOND CAUSE OF ACTION

### (Disability Discrimination – ADAAA & Rehabilitation Act)

39.    For a second cause of action against Riverfront, Plaintiff realleges each of the preceding paragraphs 4-38 as though set forth here.

40.    By engaging in the conduct described above, including without limitation eliminating the Plaintiff's Regional Services Director position, replacing all of Plaintiff's duties and responsibilities with non-disabled employees, and terminating the Plaintiff's employment, Riverfront violated Plaintiff's rights and discriminated against her because of her disability in violation of the ADAAA and the Rehabilitation Act.

41.    Riverfront's unlawful conduct, as alleged above, caused Plaintiff substantial damages, including but not limited to loss of employment, loss of past and future income and benefits, loss of earning capacity, emotional distress, loss of reputation, and humiliation and embarrassment. Plaintiff will continue to suffer these damages in the future.

## VI.  THIRD CAUSE OF ACTION

### (Discrimination – ADEA)

9

42.   For a second cause of action against Riverfront, Plaintiff realleges each of the preceding paragraphs 4-41 as though set forth here.

43. By engaging in the conduct described above, including without limitation not selecting Plaintiff for the Employment Excellence Director position, Riverfront unlawfully discriminated against Plaintiff because of her age in violation of the ADEA.

44. Riverfront's unlawful conduct, as alleged above, caused Plaintiff substantial damages, including but not limited to loss of employment, loss of past and future income and benefits, loss of earning capacity, emotional distress, loss of reputation, and humiliation and embarrassment. Plaintiff will continue to suffer these damages in the future.

45. Riverfront's unlawful conduct in violation of the ADEA, as set forth above, was intentional and willful within the meaning of that statute, and plaintiff is therefore entitled to an award of liquidated damages in addition to all other relief to which she is entitled.

## VII.  FOURTH CAUSE OF ACTION

### (Discrimination – ADEA)

46.   For a fourth cause  of action against Riverfront, Plaintiff realleges each of the preceding paragraphs 4-45 as though set forth here.

47. By engaging in the conduct described above, including without limitation eliminating the Plaintiff's Regional Services Director position, replacing all of Plaintiff's duties and responsibilities with non-disabled

10

employees, and terminating the Plaintiff's employment, Riverfront unlawfully discriminated against Plaintiff because of her age in violation of the ADEA.

48. Riverfront's unlawful conduct, as alleged above, caused Plaintiff substantial damages, including but not limited to loss of employment, loss of past and future income and benefits, loss of earning capacity, emotional distress, loss of reputation, and humiliation and embarrassment. Plaintiff will continue to suffer these damages in the future.

49. Riverfront's unlawful conduct in violation of the ADEA, as set forth above, was intentional and willful within the meaning of that statute, and plaintiff is therefore entitled to an award of liquidated damages in addition to all other relief to which she is entitled.

## VIII.  CAUSE OF ACTION – PUNITIVE DAMAGES

50.   Riverfront's conduct as described above was undertaken in wanton, willful and reckless disregard of the Plaintiff's rights under the ADAAA, thereby entitling Plaintiff to an award of punitive damages.

## IX.  JURY DEMAND

WHEREFORE, Plaintiff demands a trial by jury of 12 persons and judgment in her favor on all her claims and relief as follows:

A.   Back wage and benefit loss, together with prejudgment interest thereon;

B.   Front pay and benefit loss;

C.   Loss of earning capacity;

11

D.   Compensatory damages in an amount to be determined;

E.   Liquidated damages in an amount equal to plaintiff's back wage and benefit loss;

F.   Punitive damages in an amount to be determined;

G.   Plaintiff's reasonable attorneys fees and costs incurred in bringing this action and pursuing the prior administrative action;

H.   An order enjoining defendant from further engaging in unlawful and discriminatory practices; and

I.   Such other relief as the Court may deem just and proper.

Dated at Milwaukee, Wisconsin this 5th day of May 2016.

Respectfully submitted:

FOX & FOX, S.C.

Peter J. Fox
124 W. Broadway
Monona, WI 53716
T: 608-258-9588
F: 608-258-9105
735 W. Wisconsin Ave., 12th Floor
Milwaukee, WI 53233
T: 414-326-3260
F: 414-224-1411
E: pfox@foxquick.com
State Bar No. 1037925